Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
ROBERT JOHN ROBBINS





ORIGINAL FILED

JUL 26 2013

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ROBERT JOHN ROBBINS,<br><br>                      Plaintiff,<br>v.<br><br>NELSON & KENNARD, a general partnership; and ROBERT SCOTT KENNARD, individually and in his official capacity,<br><br>                      Defendants. | Case No. CV 13-03478 PSG<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

E-filing
ADR

Plaintiff, ROBERT JOHN ROBBINS (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

### I. INTRODUCTION

1.    This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

///

2. According to 15 U.S.C. § 1692:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## II. JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331

---

[1] Cal. Civil Code § 1788.1(a)(1).

and 1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III. VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V. PARTIES

8. Plaintiff, ROBERT JOHN ROBBINS (hereinafter "Plaintiff"), is a natural person residing in Orange County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9. Defendant, NELSON & KENNARD (hereinafter "N&K"), is a general partnership engaged in the business of collecting debts in this state with its principal place of business located at: 2180 Harvard Street, Suite 160, Sacramento, California 95815. N&K may be served at: Nelson & Kennard, c/o Robert Scott Kennard, General Partner, 2180 Harvard Street, Suite 160, Sacramento, California 95815. The principal business of N&K is the collection of debts using the mails and

telephone, and N&K regularly attempts to collect debts alleged to be due another. N&K is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10. Defendant, ROBERT SCOTT KENNARD (hereinafter "KENNARD"), is a natural person, a licensed attorney in the state of California, and is or was an employee, agent, and/or general partner of N&K at all relevant times. KENNARD may be served at his current business address at: Robert Scott Kennard, Nelson & Kennard, 2180 Harvard Street, Suite 160, Sacramento, California 95853. The principal purpose of KENNARD's business is the collection consumer debts due or alleged to be due another. KENNARD is regularly engaged in the business of collecting consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet. KENNARD is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

12. On or about September 4, 2004, Plaintiff is alleged to have incurred a financial obligation to Big Valley Ford in Stockton, California (hereinafter "the alleged debt"). The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13. At all relevant times alleged in this Complaint, Plaintiff was a resident of either

Stanislaus or Santa Cruz County, California but not Santa Clara County, California. Moreover, Plaintiff did not apply for the alleged debt or sign a credit application or credit agreement for the alleged debt, in Santa Clara County, California. Moreover, if any debt to Big Valley Ford was incurred by Plaintiff, a debt which Plaintiff specifically denies owing, said debt would have been incurred in San Joaquin County, California (where Big Valley Ford is located).

14. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt is alleged to have been sold, assigned or otherwise transferred to Ford Motor Credit Company, LLC.

15. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

16. On or about December 4, 2007, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, County of Santa Clara, captioned *Ford Motor Credit Company, LLC v. Robert J. Robbins, et al.*, Case No. 1-07-CV-100066 (hereinafter the "*Ford v. Robbins* complaint") which sought to collect the alleged debt.

17. At the time that Defendants filed the *Ford v. Robbins* complaint in Santa Clara County, California,, Plaintiff was a resident of Stanislaus County, California. At no time relevant to the *Ford v. Robbins* action has Plaintiff resided in Santa Clara County, California. Moreover, if any debt to Ford Motor Credit Company, LLC, was incurred by Plaintiff, a debt which Plaintiff specifically denies owing, said debt would have been incurred in San Joaquin County, California.

18. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that the *Ford v. Robbins* complaint was filed in an improper venue.

19. Plaintiff is informed and believes, and thereon alleges, that Defendants engaged a

process server to serve legal process in the state court action upon Plaintiff, by delivering to Plaintiff a copy of the Summons and Complaint.

20. Plaintiff is informed and believes, and thereon alleges, that on or about December 21, 2007, Defendants' process server composed a document titled Proof of Service (Summons and Complaint) in which Defendants' process server represented, under penalty of perjury, that Plaintiff was served with a copy of the Summons and Complaint in the state court action on December 19, 2007, at 6:45 p.m., by serving a "Jane Doe, Co-Resident" at 4378 Silverberry Drive, San Jose, CA 95136. Thereafter, Defendants or their agents caused the Proof of Service (Summons and Complaint) to be filed with the Clerk of the Superior Court in the state court action on December 28, 2007.

21. Despite the representations made by Defendants' process server in the Proof of Service (Summons and Complaint), Plaintiff has never resided at 4378 Silverberry Drive, San Jose, CA 95136, and was not served with a copy of the Summons and Complaint in the *Ford v. Robbins* lawsuit.

22. On February 15, 2008, Defendants requested and were granted a Default Judgment against Plaintiff by the Superior Court for Santa Clara County, based on Defendants' false Proof of Service (Summons and Complaint).

23. Thereafter, on or about July 28, 2012, Plaintiff received a letter and a copy of a Notice of Levy Under Writ of Execution from his bank, JPMorgan Chase & Co. This was the first notice that Plaintiff received which indicated that a lawsuit had been filed against him. Plaintiff did not receive notice of the *Ford v. Robbins* complaint, by mail or by any other means, before he received the Notice of Levy Under Writ of Execution.

24. As a result of Defendant filing the *Ford v. Robbins* complaint against him in Santa Clara County – a distant and inconvenient venue – Plaintiff was required to obtain a copy of the state court file at his own expense and to retain counsel and incur attorneys' fees and costs in order to have

the state court judgment against him set aside.

25. On September 6, 2012, the Superior Court for Santa Clara County set aside and vacated the default and default Judgment against Plaintiff.

26. As a result of Defendants' forum abuse, Plaintiff incurred actual damages in an amount to be determined at trial.[2]

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

28. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

29. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

30. Defendant, N&K, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

31. Defendant, KENNARD, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

32. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

33. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants brought a legal action against Plaintiff to collect a consumer debt allegedly owed by Plaintiff in a judicial district other than the judicial district in which

---

[2] See, *Hess v. Cohen & Slamowitz, LLP*, 637 F.3d 117 (2d Cir. 2011).

Plaintiff signed the contract sued on or in the judicial district in which Plaintiff resided at the commencement of the action, in violation of 15 U.S.C. § 1692i(a).

34. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (Against N&K)

36. Plaintiff brings the second claim for relief against Defendant, N&K, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

37. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

38. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

39. Defendant, N&K, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

40. The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

41. Defendant, N&K, has violated the RFDCPA. The violations include, but are not limited to, the following:

 a. N&K brought a legal action against Plaintiff to collect a consumer debt allegedly owed by Plaintiff in a judicial district other than the judicial district in which Plaintiff signed the contract sued on or in the judicial district in which Plaintiff resided at the

commencement of the action, in violation Cal. Civil Code §§ 1788.15(b) and 1788.17.[3]

42. N&K's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

43. As a result of N&K's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

44. As a result of N&K's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

45. As a result of N&K's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.17.[4]

46. As a result of N&K's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[5]

47. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692i(a);

---

[3] 15 U.S.C. § 1692i(a).
[4] 15 U.S.C. § 1692k(a)(2)(A).
[5] 15 U.S.C. § 1692k(a)(3).

c) Declare that Defendant, N&K, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.15(b) and 1788.17;

d) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17[6] and 1788.30(a);

e) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against Defendant, N&K, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not to exceed $1,000, N&K, pursuant to Cal. Civil Code § 1788.17;[7]

h) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[8] and 1788.30(c); and

i) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
ROBERT JOHN ROBBINS

---

[6] 15 U.S.C. § 1692k(a)(1).
[7] 15 U.S.C. § 1692k(a)(2)(A).
[8] 15 U.S.C. § 1692k(a)(3).

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ROBERT JOHN ROBBINS, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.